UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RYAN FOWLER, | ) | |
| Petitioner, | ) | 3:05-cv-0370-JCM-VPC |
| vs. | ) | **ORDER** |
| LENARD VARE, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Ryan Fowler, a Nevada state prisoner. The matter comes before the court with respect to its merits.

**I.   Procedural History**

On April 4, 2002, petitioner and a co-defendant were charged by information with three counts of child abuse and/or neglect causing substantial bodily harm, and four counts of willfully endangering a child, as the result of child abuse and/or neglect. (Exhibit 4).[1]  Petitioner pled guilty to two counts of felony child abuse and /or neglect causing substantial bodily harm.

---

[1] The exhibits referenced in this order are those filed by respondents in support of their answer. The exhibits are found in the court's record at Docket #11.

(Exhibits 5 and 6). The court sentenced petitioner on July 3, 2002, to 60-240 months on each count, to run concurrently. (Exhibit 7). The judgment of conviction was filed on July 3, 2002. (Exhibit 8).

Petitioner filed a direct appeal to the Nevada Supreme Court, claiming that the state district court abused its sentencing discretion. (Exhibit 10). On November 5, 2002, the Nevada Supreme Court denied the appeal. (Exhibit 16). Remittitur issued on December 23, 2002. (Exhibit 17).

On May 16, 2003, petitioner filed a post-conviction petition for a writ of habeas corpus in the state district court. (Exhibit 19). Petitioner raised five claims. (*Id.*). The state district court held an evidentiary hearing. (Exhibit 30). The district court issued written findings of fact and conclusions of law, denying the petition. (Exhibit 32).

Petitioner appealed the denial of his post-conviction state habeas petition. (Exhibit 34). Petitioner raised one ground: "Did trial counsel's performance fall below the applicable legal standard when he failed to call Dr. Davis to the stand at sentencing and failed to make any comment on the report which held that the appellant was not a danger if granted probation?" (Exhibit 39, at p. 3). On February 15, 2005, the Nevada Supreme Court affirmed the dismissal of the state petition. (Exhibit 44). Remittitur issued on March 15, 2005. (Exhibit 45). Petitioner submitted his federal habeas petition for mailing on June 14, 2005. (Petition, at Docket #9).

Respondents filed an answer to the petition on October 7, 2005. (Docket #11). Petitioner filed a reply on October 28, 2005. (Docket #12). On March 11, 2008, petitioner filed a "motion to dismiss," construed as a notice of voluntary dismissal, asking the court to dismiss his petition without prejudice. (Docket #15). Respondents opposed the request to dismiss without prejudice. (Docket #16). The court denies petitioner's request to dismiss this action without prejudice. The court now renders its ruling on the merits of the petition.

**II.     Federal Habeas Corpus Standards**

1   The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. §
2   2254(d), provides the legal standard for the court's consideration of this habeas petition:
3       An application for a writ of habeas corpus on behalf of a person
    in custody pursuant to the judgment of a State court shall not be
4       granted with respect to any claim that was adjudicated on the merits in
    State court proceedings unless the adjudication of the claim –
5
    (1) resulted in a decision that was contrary to, or involved an
6       unreasonable application of, clearly established Federal law, as
    determined by the Supreme Court of the United States; or
7
    (2) resulted in a decision that was based on an unreasonable
8       determination of the facts in light of the evidence presented in the State
    court proceeding.
9
10   The AEDPA "modified a federal habeas court's role in reviewing state prisoner
11  applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are
12  given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state
13  court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28
14  U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the
15  Supreme Court's] cases" or "if the state court confronts a set of facts that are materially
16  indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different
17  from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting
18  *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694
19  (2002)).
20   A state court decision is an unreasonable application of clearly established Supreme
21  Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct
22  governing legal principle from [the Supreme Court's] decisions but unreasonably applies that
23  principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,
24  529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more
25
26

than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Discussion

Petitioner raises one claim in his federal habeas petition: "The petitioner was denied effective assistance of counsel at sentencing in violation of petitioner's Sixth and Fourteenth Amendment rights. (Petition, Docket #9, at 3). Petitioner alleges that:

> The petitioner's counsel, Eric Nickel, was ineffective prejudicing the Petitioner at his sentencing hearing for several reasons. First, he failed to have Doctor Davis testify at his sentencing hearing to support his argument for probation. Second, he failed to comment on the Doctor's report, or evaluation to support his argument for probation.

(*Id.*).

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). Under *Strickland v. Washington*, a petitioner must show, first, that counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms. *Id.* at 688-90. Second, the petitioner must demonstrate that the identified acts or omissions of counsel prejudiced his defense. He must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

4

The application of the *Strickland* test where ineffectiveness of counsel is alleged to invalidate a plea has been defined as follows:

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson, supra*, and *McMann v. Richardson, supra*. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The modified *Strickland* prejudice standard in guilty plea cases asks whether there is a probability that, but for counsel's alleged errors, defendant would not have pleaded guilty, but would have insisted on going to trial. *Langford v. Day*, 110 F.3d 1380, 1387 (9th Cir. 1997).

In the instant case, petitioner pled guilty to two counts of child abuse and/or neglect causing substantial bodily harm, a felony under NRS 200.508(2)(b)(1). Pursuant to NRS 176A.110(1):

> The court shall not grant probation to or suspend the sentence of a person convicted of an offense listed in subsection 3 unless:
>
> (a) If a psychosexual evaluation of the person is required pursuant to NRS 176.139, the person who conducts the psychosexual evaluation certifies in the report prepared pursuant to NRS 176.139 that the person convicted of the offense does not represent a high risk to reoffend based on a currently accepted standard of assessment; or
>
> (b) If a psychosexual evaluation of a person is not required pursuant to NRS 176.139, a psychologist licensed to practice in this state who is trained to conduct psychosexual evaluations or a psychiatrist licensed to practice medicine in this sate who is certified by the American Board of Psychiatry and Neurology and is trained to conduct psychosexual evaluations certifies on a written report to the court that the person convicted of the offense does not represent a high risk to reoffend based upon a currently accepted standard of assessment.

Abuse or neglect of a child pursuant to NRS 200.508 requires certification. NRS 176A.100(3)(d).

1          Petitioner acknowledges that his counsel obtained an evaluation from Dr. Davis for
2  probation eligibility to determine whether petitioner "would pose a danger to the health, safety, or
3  morals of others." (Petition, at p. 3). "This report was submitted to the Court for consideration for
4  appropriate sentence." (Petition, at p. 3).

5          During sentencing, defense counsel requested probation on two occasions. First,
6  during his opening statements. (Exhibit 7, at p. 83). Second, in his closing statements. (*Id.* at p. 86).
7  The record reflects that the sentencing judge was aware of the existence of Dr. Davis' report and read
8  the report. (Exhibit 7, at p. 108). The sentencing judge knew that Dr. Davis stated that petitioner
9  was not a high risk to reoffend. (*Id.*).

10         At the evidentiary hearing on petitioner's state habeas petition, trial counsel testified
11 regarding Dr. Davis' report. (Exhibit 30, at pp. 16-17 and pp. 24-27). In denying petitioner's post-
12 conviction habeas petition, the state district court found, *inter alia*, that: trial counsel selected Dr.
13 Davis, a well-known and respected expert; counsel's selection of Dr. Davis was reasonable under
14 prevailing professional norms; Dr. Davis' report suggested that petitioner did not present a high risk
15 to reoffend; owing to negative elements of Dr. Davis' report, counsel decided not to call Dr. Davis as
16 a witness, nor recommend the content of Dr. Davis' report; counsel's decision was tactical and
17 reasonable under prevailing professional norms. (Exhibit 32, at pp. 3-4).

18         Regarding petitioner's claim that he was denied effective assistance of counsel at
19 sentencing, the Nevada Supreme Court found and held:

> We conclude that the district court did not err in denying Fowler's petition. At the evidentiary hearing on the petition, Fowler's trial counsel testified that although the doctor's report certified Fowler as not being a high risk to reoffend, and thus, made him eligible for probation, counsel did not comment about the report or present the doctor in mitigation because of the significant negative content in the report. Counsel stated: "The only thing I wanted to put in front of the Court was that [Fowler] was eligible for probation and that's it." Counsel did, in fact, argue for probation at Fowler's sentencing hearing.

6

> In denying Fowler's petition, the district court stated, "[T]here's been no evidence presented in this record indicating to the Court that there would have been anything different that would have occurred at sentencing had the expert . . . testified. In the order denying Fowler's petition, the district court stated that trial counsel's decision not to comment about the report because of its "negative elements" was "reasonable under prevailing professional norms." We agree and conclude that (1) Fowler failed to demonstrate that he was prejudiced in any way by the alleged ineffective assistance of counsel, and (2) substantial evidence support's the district court's denial of Fowler's petition.

Exhibit 44, at pp. 3-4.

The factual findings of the Nevada state courts are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Counsel did not fall beyond an objective standard of reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged actions (or inactions) of counsel, the outcome of the proceeding would have been different. The court will deny habeas relief.

**IV.    Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**V.     Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this 31st day of July, 2008.

_____
UNITED STATES DISTRICT JUDGE